The opinion of the Court was delivered by
Munro, J.
The only question presented by this appeal is when the Statute of Limitations is objected to a discount, must the time be computed from the commencement of the plaintiff’s action; or must it be reckoned from the time of notice given, or the filing of the discount?
Notwithstanding our Discount Act was passed in the jmar 1759, just a century ago, it appears to be conceded that the question now made is, for the first time, brought up to .this Court for adjudication. That it must have been debated over and over again on circuit during that time, can hardly admit of a doubt; and, it is somewhat remarkable, that with a bar, by no means undistinguished for professional astuteness, it should have been permitted to remain an unsettled question for an entire century.
And it is, if anything, still more remarkable, when it is considered, that the first English statute of set-off was passed in the second year of the reign of George II.; that it was not until the year 1851, that the same question, was, for the first time mooted in the courts of that country, in the case of Walker vs. Clements, 9 Eng. L. & E. R. 332.
It is true, that in the first volume of Chitty’s PI., p. 572, — an authority that was much relied on in the argument, — in treating of the doctrine of set-off, it is stated, that, “ The debt attempted to be. set-off, must be completely due, and in arrear at the time the action was commenced, not merely at the time of pleading, and it must, at the former period, have been a subsisting debt, and not barred by the Statute of Limitations.”
An examination of the authorities cited by this author, to sustain the position in reference to the Statute of Limitations, *187 viz., Evans vs. Rosser, 3. T. R. 186; Branthwaite vs. Colman, 4 Nev. Man. & 654; Buller’s N. P. 180; Strange, 1271; very clearly show, however, that so far from sustaining it, they do nothing more than affirm the general doctrine,’ that a set off must be a subsisting demand, and due at the commencement of the plaintiff’s action. Not a word is said in either of them about the Statute of Limitations.
In the discussion of the case of Walker vs. Clements, the question under consideration, was treated'throughout as an entirely new one; and the judgment of the Court was thus briefly disposed of by the Chief Justice. “ The set-off is a substitute for a cross action. When are we to suppose that cross action brought — clearly at the time of the commencement of the plaintiff’s action, since a set-off not then existing cannot be sét off.” . .
That a set-off must be a subsisting demand and due at the commencement of the plaintiff’s action, is a doctrine that has been too long and too firmly established to be doubted; and in this respect our own decisions are in conformity with the English. The reason for the rule I take to be this, that where a debtor withholds from .his creditor the payment of a just demand, and thereby compels-him to resort to an action for its recovery, the former .shall not be permitted pendente lite to purchase up demands against the latter,’ with the view to defeat his recovery, and thereby subject him to ■ the expense of the litigation. . And for the self same reason, he shall not be permitted to set up in discount, a demand which has matured pending the litigation. But what this has to do with the application of the Statute of Limitations to a discount is not so easily comprehended.
And as to a set-off being a substitute for a cross action, by comparing our Discount Act with the English statutes of setoffj the former will be found, in several of its features, to partake much more of the nature of an action ’than do the latter, e. g., under the English Statutes, the set-off must either be *188 pleaded specially, or notice must be filed at the time of pleading the general issue. Under our Discount Act, the defendant is merely required to serve, either the plaintiff or his attorney, with notice of his discount, at least twelve days before the trial of the cause, so that although the plaintiff’s action may have been pending for years, the defendant may nevertheless set up a discount, provided he gives twelve days notice previous to the trial. Again; under the English statutes, it matters not, how much the defendant’s set-off may exceed the plaintiff’s demand, still he is not permitted to recover such excess. Under our Discount Act, when this condition of things is made to appear, “judgment shall be entered for the defendant, with costs of suit, and execution go against the plaintiff.” And again, according to the English practice, after a set-off has been pleaded, the defendant is not allowed to withdraw it. With us the rule is the reverse; the defendant is permitted to withdraw his discount at any stage of the suit he may see proper, in analogy to the right of the plaintiff, either to discontinue his action, or submit to a non-suit, at any time before the publication of the verdict.
It is most manifest then, that with us, a discount partakes infinitely more of the nature of an action, than does a set-off under the British Statutes; and this is one reason, to say nothing of others, that disinclines us to exempt it from the rules which pertain to other actions, so far at least, as relates to the time of its commencement, and the application of the Statute of Limitations.
We have seen, that however long the plaintiff’s action may ' have been pending, the defendant is nevertheless allowed until twelve days preceding the trial to make his election whether he will sue his adversary or set up his demand in discount. Will it then be said, that while he is thus deliberating as to the course he shall take, the statute must be suspended until he shall have made up his mind; that is, in the event that he shall conclude to set up his discount, the statute will be referred *189 to tbe commencement of tbe plaintiff’s action; but in tbe event that be shall conclude to assume the character of plaintiff himself, the statute will be referred to the commencement of his own action. If a discount has any claim whatever to the title of an action, be it cross, or merely quasi cross, we can perceive no valid reason why it should not be governed by the same rules which apply to all other actions.
In all other actions, the period fixed for their commencement is the suing out of the writ, and no good reason can be assigned why an indulgence should be extended to the actor in a cross-action, that is denied to all others. Shall he, by the aid of a mere fiction, be considered as having commenced his action at a time when he has neither taken the first step towards it, nor apprised his adversary of his intention to do so; and, although the subject-matter of his demand may perchance have been barred twice over by the Statute ?
We conclude otherwise, and in so doing, feel satisfied that it is more in accordance with the spirit of our Discount Act, and the whole theory pertaining to actions ; to say nothing of the practice on circuit, which we feel assured has hitherto prevailed in this State in reference to this matter, that until a discount is either filed in the clerk’s office, or notice has been served, either upon the plaintiff or his attorney, the Statute of Limitations in reference to it, is not suspended.
Nor is our ruling without respectable American authority to sustain it, as will be seen by reference to the case of Hunt vs. Spaulding, 18 Pick. 52. There the Courts of Massachusett have placed a similar construction upon their Discount Act, which, in many of its features, bears a close resemblance to our own. In that case it was held, that the filing of the discount was equivalent to the commencement of an action, so far as regards the Statute of Limitations.
Wherefore the motion is dismissed.
O’Neall, Wardlaw and Glover, JJ., concurred.

Motion dismissed.